UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| CLARENCE A. STOKES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 1:14-CV-351 JD |
| | ) |
| NAVISTAR INTERNATIONAL | ) |
| CORPORATION, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Pending before the Court are the: (1) "Report and Recommendation" of Magistrate Judge Susan Collins, entered on April 27, 2015 [DE 9]; (2) "Apply for Leave of Court," filed by pro se Plaintiff, Clarence A. Stokes, on May 4, 2015 [DE 11]; (3) "Navistar's Motion to Dismiss," filed by Navistar, Inc., incorrectly identified as Navistar International Corporation, and Navistar International Transportation a/k/a International Harvester Company ("Navistar"), on May 27, 2015 [DE 19]; (4) "Defendant, Sentry Insurance, Incorrectly Sued as Sentry Insurance Claims Services, Motion to Dismiss Pursuant to Fed. R. Civ. Pro. 12(b)(6)," filed by Defendant, Sentry Insurance ("Sentry"), on June 16, 2015 [DE 30]; and (5) "Defendant Northern Trust Company's Motion to Dismiss," filed by Defendant, The Northern Trust Company "Northern Trust," on June 18, 2015 [DE 35]. For the reasons set forth below, the "Apply for Leave of Court," in which the Plaintiff requests an exparte hearing [DE 11] is **DENIED**. The "Report and Recommendation" of the Magistrate Judge [DE 9] is **ADOPTED**. Additionally, all three Motions to Dismiss [DE 19, 30, 35] are **GRANTED**. The Clerk is **HEREBY ORDERED** to **DISMISS** Plaintiff's claims **WITHOUT PREJUDICE.**

**Background**

Pro se Plaintiff, Stokes, filed a complaint entitled "Application Request to File EEOC Notice of Suit Rights Complaint & Appointment of Counsel," on November 10, 2014 [DE 1]. Stokes did not serve any of the defendants in the case within the 120 day time period required by Federal Rule of Civil Procedure 4(m). On March 11, 2015, the Clerk notified Stokes he had not timely served the complaint, and warned him that if service was not effected by March 26, 2015, the Court would be notified and the action may be dismissed for failure to serve process [DE 4]. On April 27, 2015, Magistrate Judge Susan L. Collins issued an order recommending that the case be dismissed without prejudice for failure to effectuate service [DE 9 ]. Stokes did not object to the report and recommendation.

On May 4, 2015, Stokes mailed his complaint to Navistar International Corporation, Northern Trust Company, and The Sentry Insurance Claims Services [DE 10]. Navistar received the complaint on May 6, 2015, 188 days after the case was filed [DE 20 at 2]. On May 27, 2015, Navistar filed its instant Motion to Dismiss [DE 19]. Navistar asks the Court to dismiss the case without prejudice under Rule 4(m) for failure to effectuate timely service, and under Rule 12(b)(6) for failure to state a claim [DE 20]. In accordance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982), and *Timms v. Frank,* 953 F.2d 281, 285 (7th Cir. 1992), Navistar properly gave pro se Plaintiff notice of the motion to dismiss [DE 21]. On June 1, 2015, Stokes filed a response to Navistar's motion to dismiss [DE 27]. Navistar filed a reply on June 10, 2015 [DE 29]. As such, Navistar's motion to dismiss is fully briefed and ready for adjudication.

Defendant Sentry Insurance also filed a motion to dismiss, arguing it was incorrectly identified and the complaint should be dismissed without prejudice pursuant to Rule 4(m) or,

alternatively, for failure to state a claim under Rule 12(b)(6) [DE 30]. Sentry also gave Stokes notice of the motion to dismiss [DE 33]. Stokes filed a response on June 22, 2015 [DE 38] and attempted to "supplement" his complaint in the body of the response memorandum. Plaintiff failed to file a separate motion to amend his complaint as required by N.D. Local Rule 7-1. As such, the request for leave to supplement the complaint made in his response to the pending motion to dismiss is denied. Moreover, the Court notes that the facts alleged in the supplement do nothing to elucidate the confusing complaint or to state a proper claim. Sentry filed a reply on July 13, 2015 [DE 43]; therefore, this motion is also fully briefed and ripe for adjudication.

Finally, Northern Trust filed its instant motion to dismiss on June 18, 2015 [DE 35] asking the Court to dismiss the case pursuant to Rule 4(m) or, alternatively, Rule 12(b)(6). Northern Trust gave Stokes notice of the motion [DE 36], and Plaintiff filed a response on June 23, 2015 [DE 40]. This motion is also fully briefed and ripe for adjudication.

## Discussion

**I.   Service was Not Perfected in Accordance Rule 4**

The Magistrate Judge recommended that Stokes' complaint be dismissed without prejudice pursuant to Rule 4(m) [DE 9]. Additionally, in their motions to dismiss, Navistar, Sentry, and Northern Trust ask the Court to adopt the Magistrate Judge's Report and Recommendation, and to dismiss the case without prejudice in accordance with Rule 4(m).

Stokes filed his pro se complaint on November 10, 2014 [DE 1]. As detailed above, on March 11, 2015, the Clerk issued a notice to Plaintiff indicating he had failed to effectuate timely service of process, and that such failure was sufficient to warrant dismissal of the action without prejudice [DE 4]. The Clerk warned that if no action was taken by March 26, 2015, the matter

3

would be brought to the Court's attention.  On March 16, 2015, Stokes filed a response to the notice from the Clerk, stating "[t]he plaintiff presently has an attorney, unfortunately the attorney does not practice in the area of discrimination." [DE 5.]

Federal Rule of Civil Procedure 4(m) provides that if a defendant is not served within 120 days after the complaint is filed, the court "must dismiss the action without prejudice against that defendant [unless] the plaintiff shows good cause for the failure . . . ."  Fed. R. Civ. P. 4(m). The final deadline to serve was not met.  Stokes did not even attempt service until May 4, 2015, well after the 120 days had passed, and Navistar and Sentry both claim they were incorrectly named in the complaint.  Stokes did not establish good cause for failure to serve, and the fact that he allegedly retained an attorney who does not practice employment discrimination law does not constitute good cause.  The Magistrate Judge recommended that the case be dismissed without prejudice in accordance with Rule 4(m) [DE 9].

More than 14 days passed, and no party filed any objection to the Report and Recommendation.  Fed. R. Civ. P. 72(b)(2); *see also Willis v. Caterpillar, Inc.*, 199 F.3d 902, 904 (7th Cir. 1999) (explaining that the failure to file a timely objection will result in the waiver of the right to challenge a report and recommendation).  Therefore, the parties have waived their right to challenge the Report and Recommendation.  Moreover, in all of his filings in this case, Stokes has not established any good cause for his delay in effecting service.  Stokes also has not disputed that he sued two wrong parties, and he has not moved to substitute the correct party.

As such, this Court **ADOPTS** the Report and Recommendation of the Magistrate Judge, and dismisses the complaint without prejudice pursuant to Rule 4(m).

**II.     Alternatively, The Complaint Fails to Meet the Pleading Standards**

Aside from moving for dismissal under Rule 4(m), Navistar, Sentry, and Northern Trust also move, alternatively, to dismiss Stokes' claims for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). In his complaint, Stokes advances a series of factual allegations about his employment, insurance, and benefits. But the facts are confusing and jumbled. Stokes does not clarify what cause of action he is alleging, against whom, based upon which facts, and he does not advance any viable legal theory. His responses to the motions to dismiss do not elucidate his claims or legal theories.

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted); *see also Ray v. City of Chicago*, 629 F.3d 660, 662-63 (7th Cir. 2011) (citation omitted) ("While the federal pleading standard is quite forgiving . . . the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."). A plaintiff is required to include allegations in the complaint that "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level' " and "if they do not, the plaintiff pleads [himself] out of court." *E.E.O.C. v. Concentra Health Servs., Inc.,* 496 F.3d 773, 776 (7th Cir. 2007) (quoting in part *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 569 n. 14 (2007)). Thus, a "plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to [him] that *might* be redressed by the law." *Swanson v. Citibank,*

*N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

Although Stokes claims he has an attorney in this matter, no attorney has appeared on his behalf, and the Court notes that Plaintiff is appearing pro se. Generally, although "pro se litigants are masters of their own complaints," and "[d]istrict judges have no obligation to act as counsel or paralegal to pro se litigants," *Myles v. United States*, 416 F.3d 551, 552 (7th Cir. 2005), a document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, "on a motion to dismiss, courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain,* 478 U.S. 265, 286 (1986) (quotation marks omitted)).

Upon review, the complaint does not meet the minimal standards established by Rule 8 and Rule 12(b)(6). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). That statement must be sufficient to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (quoting *Erickson*, 551 U.S. at 93). "[W]here the lack of organization and basic coherence renders a complaint too confusing to determine the facts that constitute the alleged wrongful conduct, dismissal is an appropriate remedy." *Stanard v. Nygren*, 658 F.3d 792, 798 (7th Cir. 2011).

Here, Stokes' complaint is incomprehensible. While the Court acknowledges the Supreme Court's dictate that pro se complaints be liberally construed, *Erickson*, 551 U.S. at 94, that does not obviate a pro se Plaintiff's obligation to provide basic notice of the nature of his claims to the opposing party under Rule 8(a)(2). Stokes has failed to do so. Therefore, it would

also be proper to dismiss this case without prejudice pursuant to Rule 12(b)(6). *See, e.g., Loubser v. Thacker*, 440 F.3d 439, 433 (7th Cir. 2006) ("the complaint is confusing. The district court would have been within its rights in dismissing it on that ground . . . but with leave to replead); *Hopkins v. Indiana State Dep't of Corrections*, No. 1:13-cv-01885, 2014 WL 3378674, at *2 (S.D. Ind. July 8, 2014) (dismissing complaint without prejudice where the allegations were confusing).

## III. Request for Exparte Hearing

Stokes filed a request for an ex parte hearing in front of the Court, stating he had a "dilemma that needs to be explained" after he met with his pension attorney regarding the Court's report and recommendation [DE 11 at 2]. Stokes has provided no good cause for an exparte hearing, which is not favored by the Court, and his request is **DENIED**.

## Conclusion

For the reasons set forth above, the "Apply for Leave of Court," in which the Plaintiff requests an exparte hearing [DE 11] is **DENIED**. The "Report and Recommendation" [DE 9] of the Magistrate Judge is **ADOPTED**. Additionally, all three Motions to Dismiss [DE 19, 30, 35] are **GRANTED**. The Clerk is **HEREBY ORDERED** to **DISMISS** Plaintiff's claims **WITHOUT PREJUDICE.**

SO ORDERED.

ENTERED: December 7, 2015

                                                /s/ JON E. DEGUILIO
                                                Judge
                                                United States District Court